

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

April 16, 1957

Hon. William S. Fly, Chairman
Senate Finance Committee

Hon. Max C. Smith, Chairman
House Appropriations Committee

55th Legislature
Austin, Texas

Opinion No. WW-96

Re: Form, arrangement and
validity of the Legis-
lative Budget Board
Draft of General Appro-
priation Bill for the
State Government for the
fiscal years beginning
September 1, 1957 and 1958.

Gentlemen:

## Request

You have requested our comments on the form, arrangement and
validity of the general appropriation bill before you. You asked for
our particular attention as to the validity of the caption and the
validity of the special and general provisions contained in the bill.
In conversation, you have explained that a line by line, item by
item examination was not expected, but mainly that an examination of
the caption and the special and general provisions was desired.

We are concerned here with what can be included by the Legisla-
ture in a general appropriation bill. Generally, we are not con-
cerned with the power of the Legislature to enact certain provisions
or laws, but simply whether the Legislature can enact such provisions
or laws within the structure of a general appropriation bill.

## Constitutional Provisions

The basic constitutional provisions and rules of law governing
appropriation acts and their contenet are as follows:

Section 35 of Article III of the Constitution of Texas:

"No bill, (except general appropriation bills, which may
embrace the various subjects and accounts, for and on account
of which moneys are appropriated) shall contain more than one
subject, which shall be expressed in its title. But if any
subject shall be embraced in an act, which shall not be ex-
pressed in its title, such act shall be void only as to so
much thereof as shall not be so expressed." [1]

Section 1 of Article II of the Texas Constitution:

"The powers of the Government of the State of Texas
shall be divided into three distinct departments, each of
which shall be confided to a separate body of magistracy,
to wit:  those which are legislative to one; those which
are Executive to another; and those which are Judicial to
another; and no person or collection of persons, being of
one of these departments, shall exercise any power prop-
erly attached to either of the others, except in the in-
stances herein expressly permitted."2

### Summary of Rules of Law

From these constitutional provisions the following rules
of law governing a general appropriation bill have been developed
by our courts and by Attorney Generals' opinions:

1.  The general appropriation bill "may embrace the various
subjects and accounts, for and on account of which moneys are
appropriated."  Sec. 35 of Art. III of the Constitution of
Texas; Attorney General's Opinion No. V-1254 (1951) page 6.
It may direct the appropriation of money and may detail, lim-
it or restrict the use of funds appropriated where such pro-
visions are necessarily connected with and incidental to the
appropriation and use of the funds and if they do not conflict
with or amount to general legislation.  Conley v. Daughters
of Republic, 106 Tex. 80, 156 S.W. 197 (1913).

2.  The appropriation of funds to be paid from the State Treas-
ury for the various purposes of government is the "subject" of
general appropriation bills.  Moore, et al. v. Sheppard, 144
Tex. 537, 192 S.W. 2d 599 (1946); Attorney General's Opinion
No. V-1254.3

3.  Accounting procedures in connection with appropriated funds
are permissible as long as they do not conflict with general
law.  Attorney General's Opinion No. V-1254.4

4.  General legislation constitutes a separate subject and
cannot be included within a general appropriation bill. Moore
v. Sheppard, supra.

5.  A rider attached to a general appropriation bill cannot
repeal, modify, or amend and existing general law.  Conley v.
Daughters of the Republic, (CCA) 151 S.W. 877, 883; Linden
v. Finley, 92 Tex. 451, 49 S.W. 578 (1899); State v. Steele,

57 Tex. 203 (1882). See page 10 of Attorney General's Opin-
ion No. V-1254 for numerous Attorney General's Opinions so
holding.[5]

6. Riders in the general appropriation bill seeking to con-
fer upon a joint board composed of members of the Legislature
(Legislative Budget Board) authority to require further itemi-
zation of appropriated funds or approval of the expenditure
thereof violate Section 1 of Article II of the Constitution
of Texas, which prohibits the exercise by the Legislative
branch of powers properly attached to the Executive branch.
Attorney General's Opinion V-1254.

### Guides to Application

In applying these various rules of law, it helps to keep in
mind the definition of a general appropriation bill as distinguished
from general legislation and to keep in mind the reasons giving rise
to Section 35 of Article III of our Constitution, which is the basic
source of all these rules.

A general appropriation bill may be defined as a single bill
which appropriates funds for two or more departments, subjects,
accounts or purposes. It has the one general purpose or subject mat-
ter of appropriating money. Attorney General's Opinion No. V-1254.[6]

General legislation does more than appropriate money and limit
its expenditure. If the bill does more than set aside a sum of
money and provide the means of its distribution, then it is a general
law. Attorney General's Opinion No. 2965 (1935).[7]

In distinguishing general appropriation bills from general
legislation bills, it is well to bear in mind that general appropria-
tion bills are not legislation in the true sense of the word.
Appropriation bills are simply the setting apart of public funds.
Under our Constitution this must be done in the form of a bill.
Section 6 of Article VIII provides, "No money shall be drawn from
the Treasury, but in pursuance of specific appropriation made
by law. . ." Section 29 of Article III provides, "No law shall be
passed, except by bill." Thus, the act of the Legislature in set-
ting aside public funds is called a bill, but it is not legislation
in the usual sense of the word.[8]

### Scope of Examination

The examination of the general appropriation bill submitted
to us was undertaken under the following limitations:

(1) The examination has been limited to the Legislative Budget Board draft as it was submitted to us with your letter and as it was originally introduced in each House. We have not examined the bill as it came out of committee.

(2) We have not undertaken to examine each item of appropriation but have devoted our attention to the specific matters directed to us and called to our attention.

(3) We have not examined each item of appropriation to determine that it has been authorized by existing general legislation. This is necessary to the validity of any appropriation.

(4) We have not examined the correctness of Comptroller's Account numbers included in the bill.

(5) Some provisions seem to restate existing constitutional provisions or general law. If those provisions or laws are correctly stated in the appropriations related to them, they are valid; but they cannot amend, modify, conflict with or repeal any such provisions or laws.

(6) Because of the limits of our examination we express no opinion on the portions of the appropriation bill not expressly discussed here.

## Form and Arrangement

There are no constitutional or statutory requirements as to form and arrangement of the provisions of a general appropriation bill. The only applicable rule as to form and arrangement is the general one requiring clearness in the expression of the legislative intent.

## Caption

The caption as set out on page I-1 is a complete and adequate one. It covers and includes all matters which can be constitutionally included in such an appropriation bill. There are matter in the bill not included in the caption, but these should not be in an appropriation bill, so changing the caption would accomplish nothing.

## General and Special Provisions

1. On page I-7, Section 6 of Article I of the bill dealing with over-obligations by judicial agencies is invalid in that it is in the nature of general legislation and not germane to a general appropriation bill. The Section does not basically deal with the appropriation of money nor the conditions or limits of the appropriation.

2. On page II-21, after providing for the total amount of appropriations for the Commission on Alcoholism, there is a provision attempting to authorize the transfer of certain land from the Board for Texas State Hospitals and Special Schools to the Texas Commission on Alcoholism. This provision is invalid as a part of a general appropriation of money or an incidental part of the appropriation of money.

3. On page II-32, in the second paragraph of Subsection d of Section 2 of Article II of the bill, there is a provision that certain salary rates must have the written approval of the Governor "with the advice of the Legislative Budget Board." If construed as a part of or a condition of approval, this would be unconstitutional as it is an attempt to best an executive power in a joing committee of the legislative brance in violation of Section 1 of Article II of the Texas Constitution. Attorney General's Opinion V-1254 (1951). This statement applies to the use of the same provision or phrase as follows: page II-32 in Section 4, Article II; page II-34, Subsection b of Section 12, Article II; page III-20 at the top of the page; pate III-82 in the last paragraph under the appropriation provisions for the Texas Prison System.

4. On pages II-32 and 33, Section 7 of Article II of the bill dealing with admission and deportation of non-residents is invalid as a subject of general legislation and not an appropriation of public funds nor necessarily connected with nor incidental to such appropriations. These provisions in Section 7 cannot amend, modify or repeal existing general law dealing with this subject, nor can it enact general legislation on the subject. See Articles 3194, 3193g, 3194, 3195 and other articles in Title 51, Vernon's Texas Civil Statutes.

5. On page II-34, Section 11 of Article II of the bill authorizing the sale of surplus properties is invalid for the purpose of grant-ing any authority to the boards to sell any surplus property or equipment. Such authorization is a matter of general legislation; it is not properly a subject in a general appropriation bill.

6. On page III-57 of the bill, after the total figure shown for the Board of Insurance Commissioners, there are several paragraphs dealing with the qualifications for certain employees. The first, second, third, and sixth paragraphs on that page are invalid because those paragraphs deal with the qualifications of employees. This is a matter for general legislation.

7. On page III-70, there are appropriations for the Board of Naturopathic Examiners. Your attention is called to the fact that the Naturopathic Acy, which would be the basic law supporting such appropriations, has been held unconstitutional by the Court of Civil Appeals (Austin) in the case of Will Wilson, et al, v. State Board of Naturopathic Examiners, et al., 298 S.W.2d 946, (pending an application for writ of error), and in Attorney General's Opinion S-60. If the Court of Civil Appeals' judgment is not reversed, such appropriations would be invalid as not being authorized by existing constitutional legislation.

8. On page III-111 in the third paragraph under Section 4 of Article III of the bill, there is a provision attempting to fix the price for furnishing photostatic copies for private use by a department or agency. This provision if invalid as being a subject for general legislation. The rates charged by the Secretary of State are fixed by general law. It is possible under existing legislation that the departments could fix the costs under their general authority, but it cannot be done in a general appropriation bill.

9. On page IV-1, Section 2 of Article IV of the bill dealing with the eligibility of junior colleges for appropriation seems to be a restatement of Articles 2815j-2, Vernon's Texas Civil Statutes. To the extent that it restates that law it is a convenient reference to that law, but it cannot amend, modify or repeal any such provisions of the general law.

10. On page V-8, the second paragraph after the appropriation for the administrative and general offices of the Texas Agriculture & Mechanical College System attempting to authorize certain investments of the special mineral fund is invalid as being a subject of general legislation and not properly a part of a general appropriation bill.

11. On page V-20, the last paragraph of the section dealing with Sam Houston State Teachers College purports to authorize contracting with the Prison System for electric power. This provision is invalid as not being a proper subject for a general appropriation bill. It does more than direct the appropriation of money and limit and control its expenditure. Further, it is our opinion that is is in conflict with Article 4413(32), Vernon's Texas Civil Statutes, which authorizes contracting between two such agencies.

12.   Sections 30 through 41 of Article VI of the bill appearing on pages VI-8 through VI-11 deal generally with the subject of travel expenses of State officials and employees. These provisions are valid to the extent that they are pursuant to Article 6823, Vernon's Texas Civil Statutes, which provides that traveling and other necessary expenses shall be fixed and appropriated by the Legislature in the general appropriation bills. However, as noted in the authorities cited in this opinion, these provisions cannot enact, amend, modify nor repeal any general law on this subject of travel expenses of State officials and employees.

### General Comments

We hope that it is clearly understood that the purpose of a general appropriation bill is to appropriate money from the State Treasury for authorized State purposes. It is not the purpose of such a bill to enact general legislation and any provision or "rider" other than a mere appropriation must pertain or be related or be incidental to the purpose or use of the funds appropriated. Even then it is sometimes difficult to determine whether a provision or rider is properly related to or incidental to the use of the funds appropriated.

At several places in the bill the words "assign and transfer" were used with regard to funds. When these words can be construed to mean "appropriate" or "or used for," then such provisions are valid as so construed. On the other hand, the transfer and assignement of funds are not properly a part of appropriation bills but are separate subjects unless they are directly connected with or incidental to an appropriation item.

At several places in the bill the expression "hereby authorized" was used. The granting of authority is generally not a proper subject for a general appropriation bill but is a matter for general legislation where the safeguards which go with general legislation was available. In some cases it has been possible to construe this expression in another manner and thus make it a valid provision. In other instances the grant of the authority was considered superflous as being a restatement of existing authority or authority inherently vested in the appropriation bill as such a bill cannot be the source of authority for the use of the appropriation in the bill.

Very truly yours,

WILL WILSON
Attorney General of Texas


By Lawrence Jones
Assistant

LJ:lm/PAM

APPROVED:
OPINION COMMITTEE:

H. Grady Chandler,
              Chairman
J. C. Davis
S. V. Geppert
C. K Richards
John Reeves

## FOOTNOTES:

1). In construing the general rule and the limited exception contained in Section 35 of Article III of our Constitution, such Section should be examined and construed in connection with Section 14 of Article IV of our Constitution. The applicable parts of that Section are as follows:

"Every bill which shall have passed both Houses of the Legislature shall be presented to the Governor for his approval. If he approves he shall sign it; but if he disapproves it, he shall return it, with his objections, to the House in which it originated, which House shall enter the objections at large upon its Journal and proceed to reconsider it. . .(Provisions for overriding a veto, failing to return a bill and objection after adjournment). If any bill presented to the Governor contains several items of appropriation, he may object to one or more of such items and approve the other portions of bill. In such case, he shall append to the bill at the time of signing it a statement of the items to which he objects, and no item so objected to shall take effect. If the Legislature be in session, he shall transmit to the House in which the bill originated a copy of such state-

ment and the items objected to shall be separately considered. . .(Similar provisions for overriding a veto and objections after adjournment)."

It seems evident that it is the intention of the Constitution that all bills passed by the Legislature shall be subject to the examination and approval of the Governor, subject to the provision for overriding his disapproval. The Constitution established a rule that each bill shall contain one subject. It makes a limited exception to that rule to make it clear that an appropriation bill might contain a number of appropriations and accounts. The Constitution then made provision to cover the review of this limited exception by providing that the Governor can review the appropriation bills, item by item. These provisions are related, contained in the same document, and must be construed together.

It would follow that such "items" as may be approved or disapproved by the Governor are such "subjects" as may be included in an appropriation bill. It would also follow that any matter which would not be subject to the veto of the Governor as an "item" in a general appropriation bill is such a matter as is not properly contained as a "subject" in a general appropriation bill as provided for in Section 35 of Article III of our Constitution. Thus the "subjects and accounts" which may be approved or disapproved under Section 14 of Article IV of our Constitution.

2).There are other constitutional provisions relating to the power of the Legislature to appropriate State money and limitations on those powers. Those provisions are not directly related to the question here as to what can constitutionally be included in a general appropriation bill.

Some of those other constitutional provisions as to the basic power and its limitations are as follows:

    Section 6 of Article VIII
    Section 3 of Article VII
    Section 7 of -Article I
    Section 49a of Article III
    Section 6 of Article XVI
    Section 39 of Article XVI
    Section 56 of Article XVI, all of the Constitution
        of the State of Texas

3).The purpose of the limited exception to the general rule of Section 35 of Article III of our Constitution was to

make certain that appropriations to more than one department in the same bill would not be prohibited. In all other respects general appropriation bills are subject to the same prohibition as all other bills against containing more than one subject. Moore v. Sheppard, supra; Attorney General's Opinion No. V-1254.

4). Riders providing for accounting procedures in connection with the funds appropriated, limiting the use of contingent expense appropriations, setting the rates for travel expense to be paid from the funds to State employees, specifying the time of payment of salaries appropriated and prohibiting the use of appropriated funds for the payment of salaries to "any employee who uses alcoholic activities while on active duty" or who engages in certain political activities are valid in a general appropriation bill because they merely detail, limit, or restrict the use of the funds appropriated or otherwise insure that the money will be used for the purposes intended. They do not constitute additional subjects of general legislation in violation of Section 35 of Article III of the Texas Constitution. Attorney General's Opinion No. V-1254, page 10.

5). Section 35 of Article III of our Constitution does not give any authority to pass new laws or repeal old ones through the medium of a general appropriation bill. Conley v. Daughters of the Republic, 151 S.W. 877, 883.

6). Attorney General's Opinion No. 2965 (1935) says that we should be governed by the ordinarily accepted meaning of "appropriation bill" and quotes as accepted definitions the following:

> "A setting apart from the public revenue of a certain sum of money for a specific object in such a manner that the executive officers of the government are authorized to use that money and no more for that object and for no other. C. J. Vol 4. Page 1460."

7). General legislation may contain an appropriation which is merely incidental to and necessary to carry out the subject and purpose of the general law. Attorney General's Opinion No. 2965.

8). The Arizona Supreme Court has said: "The general appropriation bill is not in the true sense of the term legislation, it is, as the language implies, merely a setting apart of the funds necessary for the use and maintenance of the various departments of the State government already in existence and functioning." Sellers v. Fröhmiller, 24 P. 2d 666,669 (Ariz. Sup. 1933). The Nevada Supreme Court has said: "These appropriation bills, as indicated by the titles, are passed for support of the State government, and are not legislative acts changing the substantive or general law.. . ." State v. Eggers, 136 Pac. 100, 101 (Nev. Sup. 1913).