This controversy comes to this court by the appeals of Edla Anderson and the other heirs at law of Amelia Planck, deceased, and the administrator with the will annexed of her estate, from an order of the superior court for Pierce county directing him to pay out of the money of the estate in his hands to respondents, churches and children's home, certain charitable bequests they claim to be entitled to under the residuary charitable provision of the will of Amelia Planck, deceased, and the designation of them as recipients thereunder by Edla Anderson while acting as executrix under the will.
The controlling facts are not in dispute and may be summarized as follows: On April 26, 1921, Amelia Planck, then a resident of Pierce county, in this state, duly executed her last will and testament. She therein made a number of special bequests with which we are not here concerned The provisions of the will, so far as need be here noticed, are as follows:
"SECOND: I hereby nominate and appoint my beloved sister, Mrs. Edla Anderson, of Tacoma, Washington, as executrix of this my last will and testament, and request that she act as such and carry into execution my wishes herein expressed. . . .
"FOURTH: For the purpose of facilitating the disposition of my estate and the payment of the several sums of money hereinafter set forth and devised, and the division of the balance of my estate as hereinafter mentioned, I authorize and direct that my said executrix shall sell and convert into money any and all portions of my said estate as she may see fit, and for the purpose of making such sale or sales I hereby authorize and empower my said executrix to sell and convey, for such price and upon such terms as she may see fit, each and every part of my said estate, and to execute any and all deeds or contracts of conveyance which may be necessary, . . .
"NINETEENTH: All the rest and residue of my estate after paying the foregoing bequests and gifts, I *Page 303 
devise to charity and to charitable purposes, and I hereby authorize my said executrix to convert all the rest and residue of my said estate into cash, and further authorize her to give and dispose of the same to worthy charities and to such charitable purposes as she may believe to be fit and proper recipients thereof . . ."
On July 12, 1923, Amelia Planck died in Pierce county, being still a resident thereof, leaving real and personal property therein, and leaving, as her only heirs, the appellants, her sister Edla Anderson, named as executrix of her will, her sister Hulda Peterson and her nieces Myrtle Peterson, Hazel Peterson and Violet Peterson De Vasconsellos, to all of whom she made special bequests in her will. On July 20, 1923, the will of Amelia Planck was duly admitted to probate in the superior court for Pierce county, and Edla Anderson thereupon became the duly qualified and acting executrix under the will.
On March 20, 1924, Hulda Peterson gave to the executrix, Edla Anderson, and filed in the probate proceedings in the superior court, written notice of her demand that her attorneys, naming them, be served with special notice of any proceeding relating to the construction of the nineteenth paragraph of the will, or of any attempt to carry the provisions thereof into effect. On January 5, 1925, the estate had been all reduced to cash, and administered by the executrix to the extent that there remained only the exercise of the power given to her by the nineteenth paragraph of the will. On that day she gave to Hulda Peterson and her attorneys notice in writing, signed by herself and her attorney, and filed the same in the probate proceeding in the superior court, as follows:
"In compliance with the notice heretofore served by you upon the attorney of record for the executrix of the above entitled estate, but without waiving any *Page 304 
right, power or authority conferred by the nonintervention will of the above named testatrix, the undersigned executrix and trustee hereby informs you and each of you that under the power and authority given her by said will she has selected the following named and described institutions to receive from the assets of the estate of the said Amelia Planck, deceased, the amounts hereinafter set opposite their respective names and descriptions, such funds to be used by them in the furtherance of the charitable purposes for which they have been organized and exist believing, after due investigation, said institutions to be proper recipients of said respective sums, that they and each of them are worthy charities, and that the bestowing of each such amount upon each of said institutions constitutes a worthy charity and a charitable purpose within the meaning of said will. And you may further take notice that said executrix and trustee is now about to dispose of said funds by giving to said institutions the respective amounts herein stated, without further proceedings. The names of the charities and charitable purposes which have been selected by said executrix and trustee with the amount which is hereby given to each of said institutions are as follows, to wit:

First Lutheran Church of Galesburg, Illinois ... $5,000
Bethlehem Lutheran Church, Red Oak, Iowa ....... $5,000
 .. . . . . . . . . .
Iowa Lutheran Children's Home, at Stanton,
 Iowa ....................................... $2,000.
 .. . . . . . . . . .

"Said executrix and trustee will hereafter make further gifts from the funds of said estate to such worthy charities and for such charitable purposes as she may hereafter select in accordance with the power given her by said will."
Several other charities were designated in this notice, which are of no concern in our present inquiry. On January 22, 1925, the executrix served upon the attorneys for Hulda Peterson, and filed in the probate proceeding in the superior court, her petition for an order of the court directing her to distribute from the *Page 305 
funds of the estate in accordance with her designation of the charities, in pursuance of the nineteenth paragraph of the will.
Thereupon the heirs of Amelia Planck, deceased, other than Edla Anderson, the executrix, filed their objections to the distribution of any portion of the funds of the estate in pursuance of the nineteenth paragraph of the will, challenging the validity of that paragraph and the authority of the executrix sought to be exercised thereunder.
Each respondent donee designated by the executrix to take under the nineteenth paragraph of the will was notified by her of its being so designated, and each advised by her to employ counsel to assert its rights as against the challenge to the validity of the nineteenth paragraph of the will made by the other heirs of Amelia Planck, deceased; and thereupon each respondent filed in the probate proceeding its petition asserting its right to receive payment from the funds of the estate as a properly designated donee under the nineteenth paragraph of the will.
Thereafter, on June 23, 1925, the executrix, by telegraph message, sent to each respondent notice that she had revoked her designation of it as a donee under the nineteenth paragraph of the will.
On November 10, 1925, Edla Anderson resigned as executrix under the will, and on November 25, 1925, upon statutory published notice being given, the court appointed J.E. Burkey administrator, with the will annexed, of the estate of Amelia Planck, deceased. Thereafter Edla Anderson became a contestant against the validity of the nineteenth paragraph of the will, joining with the other heirs of Amelia Planck, deceased, in that behalf.
Issues having been made by objections, petitions and amendments thereto, they became, in substance, as to *Page 306 
the validity of the nineteenth paragraph of the will, as to the sufficiency and effectiveness of the designations of respondents as donees thereunder by the executrix and as to her power of revoking such designations of donees. The controversy being so submitted to the court for final determination, it was taken under advisement, when, after making findings and conclusions of law, the court entered its final order thereon, the whole of which, apart from the usual formal recitals, reading as follows:
"The court does now order and direct J.E. Burkey, administrator with will annexed, of the estate of Amelia Planck, deceased, to pay to the First Lutheran Church of Galesburg, Illinois, the sum of $5,000; the Bethlehem Lutheran Church of Red Oak, Iowa, the sum of $5,000; the Iowa Lutheran Children's Home, of Stanton, Iowa, the sum of $2,000, out of the monies now in his hands, . . ."
It is from this order that the heirs and the administrator have appealed to this court.
[1] It is contended in behalf of the heirs that the nineteenth paragraph of the will is void, as being
". . . too vague, indefinite and uncertain as to its object and purpose and as to beneficiaries intended to be benefited thereby, to be enforced."
Many authorities are cited in support of this contention, and it may be conceded that the clear weight of authority supports this view of the law, as applicable to such a general bequest to charity, when unaccompanied by any power expressly given by the testator to someone to designate to what particular charity or charities the gift shall go. We have seen that by paragraph nineteen of the will the testator said:
"All the rest and residue of my estate . . . I devise to charity and charitable purposes, and I hereby authorize my said executrix to convert all the rest and residue of my said estate into cash, and further authorize *Page 307 
her to give and dispose of the same to worthy charities and to such charitable purposes as she may believe to be fit and proper recipients thereof."
Professor Zollmann, in his work on "American Law of Charities," following his exhaustive and learned review of the authorities touching the necessity of a testator making a charitable bequest effective by some appropriate language limiting the bequest to the benefit of a specified class of persons or objects, to the end that those who are authorized to make the bequest effective may know to what persons or objects the charity shall go, says:
"§ 433. The situation is entirely changed where such a trustee is appointed with the necessary power to make the proper selection. Though the charity does not fix itself upon any particular object, but is general and indefinite, if certain or ascertainable trustees are appointed with full powers to select the beneficiaries, and devise a scheme or plan, the courts will, through such trustees, execute the charity. It certainly is competent for a testator to bestow a charity on a person or institution to be chosen by a trustee or executor. A charity which would otherwise fail for indefiniteness may, therefore, be saved because a trustee is appointed to administer it. The vagueness of the trust, or the uncertainty of its beneficiaries in such a case, becomes immaterial. The necessary certainty is secured by vesting the power of selection or appointment in the trustee . . .
"§ 434. It will not be difficult to illustrate the unlimited range which charitable gifts may take, provided that trustees with discretionary power are appointed. Gifts to such unlimited charitable purposes as the trustees may deem best, or which they may select, or determine upon, or think proper, or deem most useful, or desirable, or which they judge will do the most real good, or which they see fit in their discretion to employ, have been upheld on the ground that the fact that the trustees are given absolute discretion to select any legal charity does not make the gift ineffective, but *Page 308 
that it is competent for a donor to devise property to them with power to select the object or objects upon which the charity is to be bestowed . . ."
The following decisions lend strong support to this view of the law: Powell v. Hatch, 100 Mo. 592, 14 S.W. 49; Minot v.Baker, 147 Mass. 348, 17 N.E. 839; In re Kimberly's Estate, 249 Pa. St. 483, 95 A. 86; Selleck v. Thompson, 28 R.I. 350,67 A. 425; Welch v. Caldwell, 226 Ill. 488, 80 N.E. 1014;St. James Orphan Asylum v. Shelby, 60 Neb. 796, 84 N.W. 273, 28 R.C.L. 79. Our own decision in In re Stewart's Estate, 26 Wn. 32,66 P. 148, 67 P. 723, indicates this court as entertaining this view of the law, though there is room for arguing that this exact question was not therein necessary to be so decided.
Views contrary to these holdings have been expressed by a number of the courts of this country. Speaking generally, the view of those courts seems to be that, even when a bequest to charity is accompanied by full power vested in someone to designate the charity, the bequest must be, in terms, limited to the benefit of some class of persons or objects, in order to be valid and capable of being rendered effectual.
We are unable to see why a bequest to charity generally may not be in law rendered certain and legally effectual by the exercise of an appointing power vested in someone by the testator, as well as a bequest to charity, in terms limited to some named class of persons or objects, may be rendered certain and legally effectual by the exercise of an appointing power vested in someone appointed by the testator.
We are, for the present, viewing the question of the validity of the nineteenth paragraph of the will as a bequest to charity generally, wholly apart from the question of whether or not that bequest may fail, in whole or in part, for want of exercise of the power *Page 309 
of designating donees thereunder. To our minds, neither the exercise of, nor the failure to exercise, that power, is of any moment touching the validity of the nineteenth paragraph of the will of Amelia Planck, deceased, which we hold to be valid and capable of being rendered effectual by the exercise of the power vested in the executrix.
[2] It is contended, in behalf of the heirs and the administrator, that the executrix did not effectually exercise her power under the nineteenth paragraph of the will in favor of respondents. We have seen that she signed and filed in the probate proceeding in the superior court a paper wherein she said:
"Under the power and authority given her by said will she has selected the following named and described institutions to receive from the assets of the estate of Amelia Planck, deceased, the amounts hereinafter set opposite their respective names and descriptions, such funds to be used by them in the furtherance of the charitable purposes;"
that soon thereafter she notified each respondent accordingly; and that thereafter, when her power so exercised in that behalf was challenged by the other heirs, she advised, by letter and telegram, each respondent to employ counsel to protect its right to the bequest so designated by her to go to it.
The argument is, in substance, that the claimed rights of respondents did not become effective because the physical dominion of the executrix over the funds so designated to pass to them under the nineteenth paragraph of the will had not actually passed from her to them. If these were gifts from the executrix, personally, direct to respondents, there might be some substantial ground for this argument to rest upon; but we think they are not gifts from her calling for such final and conclusive surrender of dominion as is *Page 310 
required to effectuate a gift directly from one to another.
The executrix is not the real giver, but the mere instrument of the real giver. When she in this unequivocal manner designated these respondents as donees to take under the nineteenth paragraph of the will, we think their rights thereunder became fixed by such exercise of power on her part. We are to remember that there was no particular manner or formality prescribed in the will, by which the executrix should exercise the power in so far as effectuating the vesting of the right to take in those whom she was empowered to designate as donees. And we are to further remember that the estate was to be by her reduced to cash, and then in that form, not in the form of other property, disposed of to "worthy charities and to such charitable purposes as she may believe to be proper recipients thereof." We think the courts are not called upon to view critically the exercise of such a power, with a view of conforming to technical rules of law applicable to gifts or other transfers of property directly from one person to another. 2 Perry on Trusts (6th ed.), p. 833, § 511c; Farwell on Powers, (3d ed.), p. 390; Sugden on Powers, Vol. 1, p. 305.
We are of the opinion that the executrix, while duly qualified and acting as such, effectually and irrevocably exercised her power of appointment in designating respondents to take as donees under the nineteenth paragraph of the will, to the extent that each of them thereby acquired legal right to their respective designated donations. It is conceded that each is a charitable institution within the meaning of the law, and that these donations will be used by each of them for strictly charitable purposes.
Some argument is presented and authorities cited touching the question of the power of designating donees, *Page 311 
given to the executrix, surviving in her following her resignation; and also touching the question of that power surviving and passing to the administrator upon her resignation and his appointment; seemingly asking us to decide these questions. We note that the superior court by its findings and conclusions did express its view upon these questions; but its final order went no further than to adjudicate that respondents were entitled to take as donees under the nineteenth paragraph of the will and the designation of them as such by the executrix. There was no party to this proceeding contending in support of his, her or its claimed right as against another party, touching any other question. We deem it not proper to determine upon this appeal any question other than as to whether or not this final order of adjudication should be affirmed.
The order is affirmed.
MAIN, MITCHELL, HOLCOMB, TOLMAN, FRENCH, and BEALS, JJ., concur. *Page 312