[No. 24522. Department One. July 20, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Fannie Goodman, Plaintiff,* v. JOHN A. FRATER, *as Judge of the Superior Court for King County, Respondent.*[1]

*James R. Chambers,* for relator.

*Jay C. Allen,* for respondent.

BEALS, C. J.—This proceeding is an original application to this court for a writ of mandate to require respondent, a judge of the superior court for King county, to grant a change of judge pursuant to motion and affidavit filed by relator, Fannie Goodman, in a cause being tried before respondent.

The facts upon which this controversy arose are as follows: C. F. Riddell and Jay C. Allen, as plaintiffs in an action which they brought against Kitty David and the marital community composed of Kitty David and J. W. David, her husband, recovered judgment against defendants for the sum of ten thousand dollars. Thereafter, proceedings supplemental to execution on the judgment were instituted, in the course of which the defendants in the main action appeared and

[1] Reported in 24 P. (2d) 66.

testimony was taken, the hearing continuing for two days. At this stage of the proceeding, plaintiffs moved that relator herein, Fannie Goodman, be made a party to the action, plaintiffs contending that, from the evidence, it appeared that she held title to certain property which belonged to the judgment debtors' and which should be subjected to the lien of plaintiffs' judgment. Respondent having entered a show cause order directed to Fannie Goodman, she appeared specially in response thereto, filed an affidavit of prejudice and applied for a change of judge, which application respondent denied; whereupon relator applied to this court for a writ of mandate requiring respondent to grant her application.

It is argued on behalf of respondent that, as the hearing on the proceeding supplemental to execution had continued for two days or more prior to relator's appearance therein, her application for a change of judge, granting that the same was filed at the earliest moment she could present the same, should not at such a stage of the proceedings be granted.

The statute upon which relator's application is based is Rem. Rev. Stat., §§ 209-1 and 209-2, which act has frequently been before this court for construction. Respondent suggests that the act in question does not apply to such a situation as this, and that a new party brought into a proceeding or action during the trial thereof is not entitled to avail himself of the statute. Respondent's counsel argues that, in an action in which many persons are named as parties defendant, the defendants must act collectively, and that successive changes of judge should not be allowed upon repeated applications therefor by different parties.

This court has repeatedly held that the statute above referred to must be reasonably construed, and that the procedure set up thereunder should be workable. *State*

*v. Funk,* 170 Wash. 560, 17 P. (2d) 11, and cases therein cited. In this connection, respondent's counsel cites the case of *U'Ren v. Bagley,* 118 Ore. 77, 245 Pac. 1074, 46 A. L. R. 1173, in which the supreme court of Oregon, after engaging in a general discussion of the law, held constitutional a statute quite similar to that of this state. The argument advanced on behalf of respondent and the case referred to are not in point here, where the application for a change of judge is made by the only party to the proceeding entitled at that stage thereof to make such a demand. The questions suggested by counsel will be determined when presented.

Relator was made a party to the proceeding on motion of plaintiffs in the action without any acquiescence on her part, it clearly appearing that an adjudication was sought which might seriously affect relator's rights. When relator became a party defendant to the action, she became entitled to the benefit of the statute, if she seasonably exercised her rights thereunder. In effect, a new action was instituted by plaintiffs against this relator. It is hard to see why, under the circumstances here present, relator should be deprived of the statutory right simply because she was brought into the case, against her will, after the original complaint was filed or, indeed, after the judgment was entered.

On behalf of respondent, it is further urged that, if relator may procure a change of judge on her demand, the time occupied in the previous hearing will be wasted. Of course, respondent may retain jurisdiction over and determine any questions which do not affect the rights of relator, but we hold that, under the law, relator's demand for a change of judge should have been granted, and that, in so far as any questions affecting relator's rights are concerned, such matters may not be decided by respondent. Relator's rights in

the property standing in her name could not be determined prior to the time she became a party to the proceeding, but the direct and possibly narrow issue concerning her interest was subject to her demand for a hearing before some judge other than respondent. Certainly, if respondent were disqualified under the statute, because of consanguinity, for example, to determine a matter in which relator was interested, under such circumstances it would have been his duty to transfer to another judge for trial the issue in which relator was concerned.

We are satisfied that, under the statute, relator is entitled to an order directing the transfer of the issue in which she is particularly concerned to some other court for adjudication. Our conclusion finds support in the decisions of this court in the cases of *State ex rel. Foster v. Superior Court,* 95 Wash. 647, 164 Pac. 198, and *State ex rel. Buttnick v. Superior Court,* 127 Wash. 101, 219 Pac. 862. In neither of these cases was the application made by a new party, but the particular proceeding then pending before the superior court was held to be new and subject to the statutory procedure.

Relator's application for a hearing before another judge was timely made and should have been granted. Let a writ of mandate issue accordingly.

MILLARD, MITCHELL, and BLAKE, JJ., concur.

HOLCOMB, J. (concurring)—I concur in the result; but in view of some statements in the decision, a conflict of jurisdiction is quite apt to occur between respondent and some other judge of co-ordinate authority.