[No. 37826.   Department Two.   September 9, 1965.]

ERNEST S. GWINN, *as Executor, Appellant,* v. CHURCH OF
THE NAZARENE, KANSAS CITY, MISSOURI, *Respondent.**

*Reported in 405 P.2d 602.

*Arthur G. Barnett* and *Paul W. Robben,* for appellant.

*Little, Gandy, Stephan, Palmer & Slemmons, Albert E. Stephan,* and *Slade Gorton,* for respondent.

DONWORTH, J.—This is an appeal by the executor from a declaratory judgment upholding the validity of the residuary clause in the will of Wellsley Gwinn (referred to herein as paragraph Fifteenth).

The executor is the son and one of the three surviving children of the decedent, who died March 21, 1963, and is referred to herein as appellant. The will has been admitted to probate and appellant's appointment as executor thereof has been confirmed by the probate court. It is what is known in this state as a nonintervention will.

Respondent is the Church of the Nazarene, whose corporate office is in Kansas City, Missouri. It is stipulated that respondent is a religious organization whose financial and material affairs are managed by the General Board of the Church of the Nazarene, a charitable corporation duly organized and existing under the laws of the State of Missouri.

The decedent's will, which was executed December 27, 1962, contained cash bequests to each of his three children and to several grandchildren and great grandchildren. After providing for two other charitable bequests, the will contains paragraph Fifteenth, which reads as follows:

All of the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever character and wheresoever situated, of which I may die seized or possessed, or to which I may be entitled at the time of my death, I give, devise and bequeath unto the Church of the Nazarene, Kansas City, Missouri, or its successor, to be used in foreign missions, as directed by a committee composed of Homer Powell of Phoenix, Arizona, and W. W. Meenach, of Seattle, Washington, and Reverend George Coulter, Executive Secretary of Foreign Missions, Kansas City, Missouri.

On December 17, 1963, appellant instituted this action by filing an application for declaratory judgment in which most of the foregoing matters were alleged. In the third paragraph of the application, the following five grounds are alleged for holding that the residuary bequest fails:

(a) That the bequest attempted to be made by its terms does not vest in the intended beneficiary;

(b) That the said beneficiary is not empowered to use the bequest as directed by the testator;

(c) That the beneficiary has no control over the persons named to direct the use of said bequest;

(d) The individuals named to direct the use of the bequest are not responsible by the terms of the bequest to any court or courts, nor to the intended beneficiary;

(e) Said bequest is vague, indefinite and too uncertain to be in force.

Respondent, in its answer, denied these allegations, and, in a counterclaim, alleged facts in support of the validity of paragraph Fifteenth. Respondent prayed for a declaratory judgment upholding the validity of the residuary clause of the will.

Thereafter, each party filed a motion for a summary judgment supported by affidavits and documentary evidence.

The trial court, after consideration of the affidavits and hearing the arguments of counsel, entered a summary judg-

ment in which it denied appellant's motion and granted respondent's motion therefor. The court directed appellant to pay over the residual estate to the General Board of the Church of the Nazarene "as promptly as is reasonably possible."

In support of his appeal from this judgment, appellant has made five assignments of error, which will be discussed below.

Under the provisions of paragraph Fifteenth (quoted above), the decedent had directed that the residue of his estate should pass to the Church of the Nazarene, Kansas City, Missouri, "to be used in foreign missions, as directed by a committee composed of Homer Powell of Phoenix, Arizona, and W. W. Meenach, of Seattle, Washington, and Reverend George Coulter, Executive Secretary of Foreign Missions, Kansas City, Missouri."

The Committee was not aware of their appointment in the residuary paragraph of the will until this action was instituted by appellant some 9 months after decedent's death. Thereafter, the members of the Committee conferred by telephone and unanimously adopted the following resolution:

Now, THEREFORE, in performance of its duties under said paragraph Fifteenth of the Will of Wellsley Gwinn, deceased:

BE IT RESOLVED that said Committee composed of said HOMER POWELL, W. W. MEENACH and GEORGE COULTER unanimously direct that the entire residual estate of said Wellsley Gwinn, less any properly incurred expenses for probate, taxes, executor's fees, legal fees and disbursements, and any other properly incurred expenses, shall be paid by the executor of said estate to the General Board of the Church of the Nazarene, 6401 The Paseo, Kansas City 31, Missouri; and said Board shall place such funds in a Trust Account to be known as the "Wellsley Gwinn Foreign Missions Memorial Fund"; and both the principal and income of said fund shall be disbursed and used only for foreign missions in the Australian Territories of North-East New Guinea and Papua for the establishment, support and promotion of missionary work,

including schools, missions, churches, dispensaries, hospitals, orphanages and evangelism.

AND, BE IT FURTHER RESOLVED, that, if any further or other action is required by said Church of the Nazarene, Kansas City, Missouri, or said General Board, to carry out the directive of the Last Will of Wellsley Gwinn that his residual estate be left to said Church to be used in foreign missions, then this Committee and each member thereof is agreeable to meet by further telephone conferences or together in person in Kansas City, Missouri, or in Seattle, Washington, or elsewhere, to consider and adopt such further necessary and proper resolutions, if any.

Preceding the foregoing, and as a part of this same resolution, is a recitation of facts stating in substance that each member of the Committee had been personally acquainted with the decedent during his lifetime, and that he had requested them to serve on a committee for the sole purpose of directing the use of the residue of his estate by the Church of the Nazarene, Kansas City, Missouri, in its foreign missions only. Each had agreed to serve on such committee. It was further stated that each member of the Committee was a member of the Church of the Nazarene and had worked with the decedent in matters affecting the welfare of the church. As to the nature of the organization of the church, it was further stated:

WHEREAS, said Church of the Nazarene, Kansas City, Missouri, is a religious organization, the governing board of which is a charitable corporation organized under the laws of Missouri, named The General Board of the Church of the Nazarene, which Board, among other powers, manages the foreign missions of said Church; . . . .

In support of this statement, there are in the record the following documents: (1) Copy of the Pro forma Decree of Incorporation of the General Board of the Church of the Nazarene (entered by Circuit Court at Kansas City, Missouri in 1923), to which is attached the Articles of Association, (2) the bylaws of the General Board (as amended in 1957), and (3) the 1960 Manual of the Church.

Article VIII, § 2, of the Articles of Association of respondent church, reads as follows:

This corporation shall be capable of acquiring by gift, grant, purchase, devise, bequest, or other lawful manner, property, real, personal or mixed, which shall be held for the use and benefit of the Church of the Nazarene, to be employed as herein set forth; it shall have power to hold, mortgage, sell, convey or otherwise dispose of any such real or personal property; to control and manage all such property; to provide, establish, acquire, develop, manage, control and maintain such fund or funds as may be necessary to conduct the said objects and purposes of this Corporation.

On March 20, 1964, the Executive Committee of the General Board of the Church unanimously adopted the following resolution:

BE IT RESOLVED that the Executive Committee of the General Board of the Church of the Nazarene duly acting on behalf of said Board does hereby accept the bequest of Wellsley Gwinn, deceased, and concurs in the direction of the Committee created under Paragraph FIFTEENTH of the Will of the said Wellsley Gwinn, deceased, by its resolution dated February 21, 1964, a true copy of which is attached hereto, directing that the residual funds of said estate be set up in a Trust Account to be known as the "Wellsley Gwinn Foreign Missions Memorial Fund" and that both the principal and income of said fund shall be disbursed and used only for foreign missions in the Australian Territories of North-East New Guinea and Papua, for the establishment, support and promotion of missionary work, including schools, missions, churches, dispensaries, hospitals, orphanages and evangelism; and does hereby agree immediately to commence the utilization of such funds for the purposes as directed by said Committee.

Appellant's first two assignments of error (which argued together) are that the trial court erred in failing to hold that the residuary clause was void and in granting respondent's motion for summary judgment and denying appellant's motion therefor.

Appellant's argument in support of these assignments of error is that the testator intended to create a charitable trust for a limited purpose, but that he failed to do so because his language did not create a definite trust. Ap-

pellant's argument is that the language is indefinite in two respects—(1) that no trustee was named, and (2) that if the committee of three were to be considered as trustees, then the trust purpose could not be carried out if any one of the three men died, hence the trust would fail.

With respect to the first point made by appellant, we agree with respondent's interpretation of the residuary clause of the will. Respondent states in its brief:

> What in fact is created by paragraph FIFTEENTH of Wellsley Gwinn's will? The answer is a charitable trust, in the broadest sense of that term, the trustee of which is the General Board of the Church of the Nazarene, with a restricted power of appointment in the Committee created by the will.

In our opinion, no other reasonable meaning can be given to the words used in the residuary clause. In a sense, our adoption of this interpretation determines the whole lawsuit, because it makes the arguments of appellant irrelevant, since appellant's assignments of error and argument in support thereof are all based on the premise that the residuary clause in this will has no such clear meaning.

Appellant's disagreement with respondent's interpretation of the residuary clause is based on the meaning of the words "as directed" therein in referring to the power of the Committee with regard to the use of the trust funds. Appellant argues that these words mean that the Committee must continuously direct the use of the funds (in effect acting as a committee of trustees) rather than simply exercising their authority as a committee under a power of appointment. We believe that in the context of the residuary clause, the words "as directed" mean the same as the words "as designated" or "as selected" rather than the kind of continuing supervision and guidance for which appellant contends. In other words, we do not believe that the testator intended the Committee to direct the specific manner in which the funds were to be spent for foreign missions, but that the testator intended that the Committee should designate which foreign missions operated by respondent were to have the funds disbursed in their behalf. The mem-

bers of the Committee all survived the testator and have performed their function under the will by the adoption of the above-quoted resolution.

However, even if appellant's version of the interpretation of this clause were accepted, that would not change the result of this case because the committee of three men would be trustees, and the trust would operate under the present facts. Appellant's contention that the trust fails because the Committee may not live long enough to spend all the money in the trust is totally without merit.

In connection with this argument, appellant has relied on *In re Chellew's Estate*, 127 Wash. 382, 221 Pac. 3 (1923), in which a trust was held to have failed *only after* the trustee, who held a completely discretionary power to dispense the trust funds to certain designated classes of beneficiaries, had died without entirely dispensing all the trust funds. Appellant has misconstrued this case as holding that the trust would fail at its inception. In order for the *Chellew* case to be applicable, the court would have to find two circumstances: (1) that the committee of three were intended to be exclusive trustees whose decisions must be unanimous, and (2) that at least one of the three trustees had died, making it impossible for the other two to function. Neither circumstance occurs in the facts in this case.

Appellant has cited four other Washington cases in connection with his argument under his first two assignments of error. In an early case, *In re Stewart's Estate*, 26 Wash. 32, 66 Pac. 148, 67 Pac. 723 (1901), this court sustained a bequest in trust to certain persons for such charitable purposes and uses as they may see fit in their discretion. In *Lanigan v. Miles*, 102 Wash. 82, 172 Pac. 894 (1918), we held that no trust was established when a mother conveyed property to one son by absolute deed with the expressed will and desire that the one son make proper adjustment of her relations as mother to her other children, leaving such adjustment solely and exclusively to the son without interference of any kind by any of the other children. The last phrase, the court said, precluded any enforceable trust,

and the deed gave the property to the son "free and unfettered." Appellant has argued that the residual property did *not* go to respondent in this case at bar "free and unfettered." We agree with the last statement, but we fail to see how *Lanigan v. Miles, supra,* is helpful to appellant in view of his position that the residuary clause of Mr. Gwinn's will imposed express conditions on the use of the property by the respondent church.

In *In re Planck's Estate,* 150 Wash. 301, 272 Pac. 972 (1928), we sustained the use of a power of appointment in the carrying out of a general charitable bequest. Appellant's argument concerning the alleged failure to designate a specific trustee for the purposes of carrying out the trust are clearly shown to be without merit by our decision in that case. *In re Planck's Estate, supra,* is directly contrary to appellant's position—and actually supports respondent's contentions.

Later, in *In re Elvigen's Estate,* 191 Wash. 614, 71 P.2d 672 (1937), this court sustained a residuary clause of a will which gave a husband a gift in trust for charity or benevolent purposes, as he shall deem proper. The husband was also the executor, and was trying to avoid taxes on the residuary estate by claiming that it was a contingent remainder. We fail to see how this case in any way sustains appellant's position.

We conclude that appellant's arguments given in support of his first two assignments of error are without merit.

Appellant's assignment of error No. 3 reads:

> The court erred in granting the defendant's motion on the record, pleadings and affidavits where there were disputed issues of material facts.

All of the alleged issues of material fact are matters that do not change the legal significance of the words used in the will of Mr. Gwinn in order to carry out his intention as expressed therein. Consequently, we find no merit in this assignment.

Appellant's assignment of error No. 4 reads:

> The court erred in directing the non-intervention executor to pay over the residual estate to the General Board

of the Church of the Nazarene, thus supplementing the provisions of the will, and ignoring other provisions, thus rewriting the will to do what the testator did not do, but could have done himself.

Appellant's brief in support of this assignment states:

It is the contention of the appellant that in the civil action brought under the declaratory judgment statute the court was limited to construing the validity of paragraph FIFTEENTH of the will. Once having determined the validity thereof, the court had no jurisdiction to invade upon the non-intervention powers of the executor.

Respondent's answer to this argument in its brief is pertinent, and, in our opinion, is complete. Respondent argues:

This language, of course, does nothing more than to make explicit action which the law would require as a result of the summary judgment without any such language. His challenge to the validity of the residuary clause of Mr. Gwinn's will having been rejected, the executor has no choice other than to pay over the residual estate to the Church *as promptly as is reasonably possible.* (Italics ours.)

We hold that the language of the trial court's summary judgment does not interfere with the exercise of the executor's nonintervention powers, because it allows him whatever time is reasonably necessary to carry out his remaining duties, if any. The counterclaim of respondent prayed for the order of distribution, and no showing was made by appellant why the order should not be given. The relief is worded so as not to infringe upon the other duties which may remain for the executor to carry out.

It seems to be the position of the executor that he is immune from an order of distribution because of his nonintervention powers. By RCW 11.48.010, it is made the duty of every executor "to settle the estate in his hands as rapidly and as quickly as possible." A nonintervention executor is not immune from a duty to distribute the estate according to the provisions of the will. See RCW 11.68.010. We are not relying on waiver by appellant of the nonintervention

848

powers in this case. We rest our decision only on the fact that respondent, as a legatee named in the will, may counterclaim in an action brought by the executor for an order directing the distribution of its bequest (even when the executor has nonintervention powers) in the same manner as if the legatee were the original plaintiff in such an action. See *In re Johnson's Estate*, 192 Wash. 439, 73 P.2d 755 (1937). In that case, the trial court directed a nonintervention executor to effect a distribution of the estate within 60 days, which order was affirmed.

The judgment in this case contains only the direction to pay over the residue of the estate to the trustee "as promptly as is reasonably possible." In view of the holding in the *Johnson's Estate* case, this order was within the trial court's discretion, especially in view of the delay occasioned by the executor's failure to notify the committee of the provision in the will, and the attempt by the executor's attorney to delay the entry of the summary judgment by the interposition of motions to produce and motions for a continuance. We hold that appellant's assignment of error No. 4 has no merit.

Appellant's assignment of error No. 5 reads:

The court erred in adding to the certification of the transcript the second paragraph thereof.

In support of this assignment, appellant has argued that the language of the court in the certification is (1) immaterial, and (2) incorrect. That language reads:

This matter came on for hearing on the motion of each of the parties for summary judgment. All of plaintiff's other motions in this cause, consisting of a motion to produce and a motion for a continuance, were stricken on plaintiff's own motion. No issue of fact, or assertion that there remained unresolved issues of material fact, were raised by either party. Nor did it appear to the Court that there was any genuine issue as to material fact involved.

Appellant's position that the language in the certification is immaterial is based on his evaluation of this language as equivalent to a finding of fact, and that findings

of fact in a summary judgment are superfluous, citing *State ex rel. Zempel v. Twitchell,* 59 Wn.2d 419, 367 P.2d 985 (1962); and *State ex rel. Carroll v. Simmons,* 61 Wn.2d 146, 377 P.2d 421 (1962). As was stated in the cases cited, inclusion of such superfluous findings is not prejudicial, hence no reversible error has occurred. Furthermore, we understand the language used in the summary judgment to mean that the trial court considered all the issues raised by the parties. Such language is not intended to be treated as a finding of fact, and we have not treated it as such.

In so far as appellant urges that the trial court's determination that there was no dispute as to a material fact is incorrect, we have already considered the alleged questions of fact under assignment of error No. 3, and have found that no dispute as to material facts exists in this case.

We have been asked by respondent to direct that the costs of this appeal be paid by the executor personally rather than allow him to charge these costs against the residuary estate. Of course, if the executor can charge such costs against the estate at all, they will be paid out of the residuary estate, and the result will be to decrease the residue, unless there is a provision in the will providing to the contrary. So far as we are aware, there was no provision to the contrary in this will.

We think that this request of respondent's is reasonable. Otherwise, respondent will not fully receive what the testator intended to bequeath to it. The present action was brought by the executor to challenge the validity of paragraph Fifteenth of the will. The executor, in so doing, was not seeking instructions from the court as to the proper performance of his duties as executor or an interpretation of the residuary clause. He had a personal financial interest in having the residuary clause declared invalid. In effect, he was asking the court to permit him to distribute the $82,171.98 equally to his sister, his brother, and himself. He would thus receive $27,390.66, which is a third of the residuary estate, as heir of the testator. This is vastly different from a suit brought by an executor to protect himself from competing potential beneficiaries or heirs in which, as an

impartial stakeholder, he has impleaded the competing parties seeking a judicial determination as to his fiduciary duties.

As heir, he has lost a suit contesting a will, and, under RCW 11.24.050, costs can be assessed against him personally, in the discretion of the court in this case. If the heir is allowed to sue under the guise of executor, then RCW 11.48.050 would allow him to collect all necessary expenses in connection with this lawsuit as nonintervention executor. Appellant has made no answer to respondent's claim in its brief and respondent's affidavits that appellant acted out of self-interest in prosecuting this lawsuit. It would be inequitable to permit him to reduce the bequest to respondent below the amount which the testator intended that it should receive.

For the above reasons, the costs of this appeal shall be charged against appellant as heir under RCW 11.24.050, and neither the costs of this appeal nor any attorneys' fees in connection with this appeal shall be chargeable to the estate under RCW 11.48.050.

For the reasons given above, the trial court's summary judgment is affirmed.

ROSELLINI, C.J., FINLEY and HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.