[No. 48292-6. En Banc. July 15, 1982.]

*In the Matter of the Estate of*
FRANK S. SHAUGHNESSY.

*Timothy W. Mahoney,* for appellants.

*Winston & Cashatt,* by *Michael J. Cronin,* for respondent.

DIMMICK, J.—This case was certified to us by the Court of Appeals on the following issues:

1. Whether an unsigned copy of a lost will may be admitted to probate based upon the testimony, as to the contents and execution of the alleged lost will, of the attorney who drafted the will and is also the executor and a beneficiary under it.

2. Whether a jury trial is available in a will contest.

We answer no to both questions.

Frank Shaughnessy died October 26, 1979, at the age of 89 years, survived by five brothers and sisters. The subject of the instant action is an alleged will of his, purportedly executed on January 31, 1978. Neil Cronin, Shaughnessy's attorney and friend, drafted the will wherein Shaughnessy made several specific bequests including one of $5,000 to Cronin. In addition, the will named Cronin as the remainderman of the estate and the executor. Only one sister shared in the bequests. The will was executed by Shaughnessy and witnessed by Mr. Dolle and Mr. McHugh.

Upon his death the will in question could not be found. In November 1979, Neil Cronin filed a petition for an order probating the lost will and appointing him executor. Frank's brother, John, filed a request for special notice in the proceedings. A hearing was held in January 1980, wherein a copy of the will was admitted as an exhibit. Mr. Cronin's secretary testified that the exhibit was a copy of the will she had typed for decedent but she could not recollect its contents. The two subscribing witnesses testified as to the will's execution and decedent's competency, but had no knowledge of the contents of the will. Neil Cronin testified as to the contents of the will despite objections that his testimony violated the deadman's statute. The judge found the will had been lost and subsequently admitted the copy to probate.

Shaughnessy's brothers and sisters filed a petition contesting the admission of the lost will. They contended, *inter*

*alia,* that the will was not validly proven in accordance with RCW 11.20.070 and that attorney Cronin unduly influenced Shaughnessy. The contestants filed a jury demand which was stricken by the court. At trial, once again Neil Cronin testified over objections to the contents of the will. The judge dismissed the will contest finding no undue influence, and that the will was in existence at the time of death, was lost and its contents proven.

The contestants, appellants herein, seek review of both the probate and will contest proceedings although the notice of appeal of the probate proceeding was not timely. Thus, although the question certified to this court relates to the admission of the will, we will deal only with the will contest. The effect of our ruling, however, is the same—the lost will's contents were not properly proven.

■ RCW 11.20.070 requires that a lost or destroyed will's provisions be "clearly and distinctly proved by at least two witnesses". RCW 11.24.010 provides that in a will contest the court may determine issues of undue influence, decedent's competency and "any other cause affecting the validity of such will". We have previously held that

> any question having to do with the provisions of a lost or destroyed will relates to the genuineness of the will and the legal sufficiency of its contents. We therefore conclude that the question of whether the provisions of the will have been "clearly and distinctly proved by at least two witnesses" (RCW 11.20.070) may be raised in a will contest.

*In re Estate of Peters,* 43 Wn.2d 846, 855, 264 P.2d 1109 (1953).

Accordingly, appellants' challenge to the proof of the lost will in the will contest proceeding was entirely proper. Respondent (executor Cronin), however, asserts that such challenge was barred because the order admitting the will to probate is res judicata on the issue of proof. We do not agree. We have explicitly held that the will contest statute may be invoked by persons "who *appear,* for the first time, *following* the court's action . . . for probate. The rule of *res*

*judicata* does not apply to them." *In re Estate of Hall,* 34 Wn.2d 830, 833, 210 P.2d 406 (1949). *In re Estate of Peters, supra,* reaffirmed this principle and did not, as respondent asserts, expand the application of res judicata to those receiving notice but not appearing in the probate proceedings. Only one of the appellants (John) actually appeared at the probate proceeding through his attorney. Thus, the doctrine of res judicata does not apply to bar all of the appellants.

The first certified issue presents the question of whether the testimony of Neil Cronin as to the contents of the will falls within the prohibition of the deadman's statute, RCW 5.60.030. If so, the will's provisions were not clearly and distinctly proved by two witnesses. Respondent asserts that the appellants waived any objection based upon the deadman's statute because they failed to properly object at the time of trial. We conclude upon reviewing the record that sufficient objections were made to allow this court to review the issue.

RCW 5.60.030, the deadman's statute, provides in pertinent part:

> That in an action or proceeding where the adverse party sues or defends as executor, administrator or legal representative of any deceased person, or as deriving right or title by, through or from any deceased person, . . . then a party in interest or to the record, shall not be admitted to testify in his or her own behalf as to any transaction had by him or her with, or any statement made to him or her, or in his or her presence, by any such deceased, incompetent or disabled person, or by any such minor under the age of fourteen years[.]

This court held in *In re Estate of Wind,* 27 Wn.2d 421, 178 P.2d 731 (1947), that the statute applied to probate proceedings and will contests.

In order for the statute to apply there must be an "adverse party" suing or defending as executor or as deriving right or title by, through or from the decedent. Appellants, successors of decedent's intestate property, clearly are adverse parties to the proponent of the will and derive

title from decedent. As stated by one authority:

> In will contest cases the executor who has an interest, as well as the contestant, is an interested party because the statute applies to will contests. In other words, two opposing parties who both claim from the deceased are each an adverse party as to the other and an interested party as to the other and thus each is barred from testifying in his own behalf.

(Footnote omitted.) 5 R. Meisenholder, Wash. Prac. § 167 (1965).

The statute prohibits a "party in interest" from testifying. Neil Cronin is clearly such a person because he would "gain or lose by a decree sustaining or revoking a will". *In re Estate of Tate,* 32 Wn.2d 252, 254, 201 P.2d 182 (1948). Respondent asserts that the statute cannot apply to him as an interested party because he is testifying in favor of the will and thus in favor of the estate and is doing so in a representative capacity. This argument is without merit as indicated by our decision in *In re Estate of Tate, supra,* wherein we excluded testimony by an executor and executrix in support of a will.

Respondent further contends that his testimony as to the contents of the will was not testimony as to a "transaction". A transaction within the statute's purview has been defined in broad terms. It has often been said that the test of a transaction with decedent is whether the decedent, if living, could contradict the witness of his own knowledge. *In re Estate of Wind, supra.* A transaction is the "doing or performing of some business . . . or the management of any affair." *In re Estate of Wind, supra* at 426. We have extended the meaning of "transaction" to include a tort and in doing so we expressly held that a transaction is much broader than a contract. *Maciejczak v. Bartell,* 187 Wash. 113, 60 P.2d 31 (1936).

The New York court recognized that a will was a transaction as early as 1884 under a statute similar to ours. In the case of *In re Smith,* 95 N.Y. 516 (1884), the court held that an attorney who drafted a will and was a beneficiary

thereunder was incompetent to testify as to the contents of a lost will, reasoning:

> The drawing of the lost will by the proponent and its execution by the testatrix, presumptively involved a personal transaction between them. The instructions must have been obtained from the testatrix by the witness directly or through an intermediary. But the circumstances strengthen the natural presumption . . . that it was drawn from instructions personally communicated by the testatrix to the witness. . . . The witness derived his knowledge of the contents of the will from his relation to the transaction and to the testatrix.

*Smith,* at 524–25.

We find this reasoning persuasive and conclude that the will prepared by Neil Cronin for decedent was a transaction within the meaning of our statute; therefore, Cronin was incompetent to testify as to its contents. Without Cronin's testimony the lost will's contents cannot be proved as there are not two disinterested parties to testify as required by statute. Accordingly, we reverse the trial court's dismissal of the will contest.

The trial court found the presumption of undue influence had been rebutted since attorney and client were longtime good friends. *See In re Estate of Smith,* 68 Wn.2d 145, 411 P.2d 879, 416 P.2d 124, 19 A.L.R.3d 559 (1966). We need not reach this issue nor decide the effect of undue influence, if found, since here, there simply is no validly proven will.

 The second issue, whether the appellants had a right to a jury trial in the will contest, has been answered several times in the past. This court has unqualifiedly decided that a will contest is equitable in nature and thus there is no right to a jury trial. The calling of a jury to sit in an advisory capacity is entirely within the discretion of the trial court. *In re Estate of Jolly,* 197 Wash. 349, 85 P.2d 267 (1938); *In re Estate of McCombs,* 164 Wash. 339, 2 P.2d 692 (1931); *Rathjens v. Merrill,* 38 Wash. 442, 80 P. 754 (1905). No abuse of that discretion appears in the instant case.

The appellants having successfully challenged the validity of the lost will of Frank Shaughnessy, this matter is remanded to the probate court for distribution of the estate according to law.

BRACHTENBACH, C.J., ROSELLINI, STAFFORD, UTTER, DOLLIVER, DORE, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.