IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In re the Matter of the | ) | No. 31492-8-III |
| | ) | |
| ESTATE OF QUENTIN J. PORTER, | ) | |
| | ) | |
| Deceased, | ) | |
| | ) | |
| SALMA ASSEMANY, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HELEN T. PORTER, Personal | ) | |
| Representative of the Estate of Quentin J. | ) | |
| Porter, | ) | |
| | ) | |
| Respondent. | ) | |

BROWN, J. — Salma Assemany appeals the trial court's dismissal of her will contest filed under the Trust and Estate Dispute Resolution Act (TEDRA), chapter 11.96A RCW. Ms. Assemany contends the court erred by (1) asserting jurisdiction, (2) ruling on her TEDRA petition before allowing her more time for discovery, (3) allowing the personal representative of the Estate of Quentin Porter (the Estate) to inventory personal property left to her, and (4) consolidating the Estate's probate and Ms. Assemany's TEDRA actions. Finding no error, we affirm.

FACTS

Mr. Porter executed a last will and testament on October 1, 2000, naming his daughter, Helen Porter, as personal representative of his estate. Mr. Porter bequeathed his personal property to his four children and to Ms. Assemany, his companion. On October 2, 2011, while Mr. Porter was in hospice near the end of his life, he executed a first codicil, reducing Ms. Assemany's award to his personal property in the Town of Manlius, New York, with the exception of his gun collection. Uninterested witnesses to the codicil observed Peter Shay, another uninterested party, ask Mr. Porter competency questions, which he answered without hesitation. They formed the opinion that Mr. Porter "was of clear and sound mind." Clerk's Papers (CP) at 263. No family members were in the room during the execution of the will codicil.

Mr. Porter died in New York on October 10, 2011. Ms. Porter filed his will in Stevens County, Washington where she is a resident. The will was admitted to probate and Ms. Porter was named personal representative for the Estate.

On January 24, 2012, Ms. Assemany petitioned in Stevens County for an order invalidating the codicil and seeking to move the probate to New York. Ms. Assemany's petition cited RCW 11.96A.040 (TEDRA), stating, "This matter is brought pursuant to RCW 11.96A.040 in order to determine the issue of proper jurisdiction and venue for probate of the estate of Quentin J. Porter." CP at 6. The petition alleged Mr. Porter executed the codicil as the result of undue influence, overreaching, and/or fraud in the inducement. Ms. Assemany initially noted her petition for hearing during February

2

2012, but renoted it three or four times, partly to allow discovery, before the trial court finally heard her petition along with other consolidated motions in December 2012.

During the summer of 2012, the parties engaged in discovery. Ms. Assemany admitted she had "no personal knowledge that any person or persons influenced Quentin J. Porter to remove you [Ms. Assemany] from his Last Will and Testament." CP at 206 (response to Request for Admission No. 35). Ms. Assemany admitted she had "no personal knowledge that anyone forced Quentin J. Porter to execute the First Codicil." *Id.* (response to Request for Admission No. 38).

On September 5, 2012, the Estate answered Ms. Assemany's petition, asserting the affirmative defense that the petition "failed to state a claim against [the Estate] upon which relief can be granted." CP at 67. The Estate requested dismissal of the will challenge. The Estate requested to consolidate the probate and TEDRA actions.

The court considered the pending motions on affidavits and argument on December 18, 2012. The Estate specifically requested that the will challenge be dismissed because Ms. Assemany had presented no supporting evidence. On January 10, 2013, the court, with supporting findings of fact and conclusions of law, ruled Ms. Assemany had shown no factual basis to invalidate the codicil. The court cited Ms. Assemany's admission she had no personal knowledge of any undue influence in Mr. Porter's decision to partially remove Ms. Assemany from his will. The court dismissed the will contest, consolidated the probate and TEDRA matters, and authorized the personal representative to inventory the Estate assets in Ms. Assemany's possession.

Ms. Assemany unsuccessfully requested reconsideration, then appealed.

ANALYSIS

A. Jurisdiction

Initially, Ms. Assemany contends the superior court's subject matter jurisdiction, arguing jurisdiction was limited to New York courts.

We review de novo questions of a court's subject matter jurisdiction. *Cole v. Harveyland, LLC,* 163 Wn. App. 199, 205, 258 P.3d 70 (2011). A court has authorization to hear and determine a cause or proceeding if it has jurisdiction over the parties and the subject matter. *Deschenes v. King County,* 83 Wn.2d 714, 716, 521 P.2d 1181 (1974). Absent proper jurisdiction, a court may do nothing more than enter an order of dismissal. *Id.* A party may raise a question of subject matter jurisdiction for the first time at any point in a proceeding, even on appeal. *Cole,* 163 Wn. App. at 205.

In Washington, "[t]he superior court shall have original jurisdiction . . . of all matters of probate." RCW 2.08.010. Furthermore, under TEDRA, "[t]he superior court of every county has original subject matter jurisdiction over the probate of wills and the administration of estates of incapacitated, missing, and deceased individuals in all instances." RCW 11.96A.040(1). This includes when a nonresident of the state dies outside the state. RCW 11.96A.040(1)(c). Appointing a personal representative invokes the court's jurisdiction. *In re Estate of Pugh,* 22 Wn.2d 514, 523, 156 P.2d 676 (1945).

4

Both Ms. Porter's probate and Ms. Assemany's TEDRA petition were filed in Stevens County. Considering the superior court's broad and exclusive jurisdiction over estates of deceased individuals, the court properly exercised subject matter jurisdiction.

### B. TEDRA Petition

The issue is whether the trial court erred in dismissing Ms. Assemany's TEDRA petition before she had the opportunity to fully support her claim.

Ms. Assemany argues the December 2012 TEDRA hearing in this case was akin to a summary judgment proceeding and all issues should be reviewed de novo. While it appears from near the end of the report of proceedings in this case that the parties likened their arguments to those given in a summary judgment proceeding, the trial court entered findings of fact that would be superfluous in review of an order for summary judgment. *Hubbard v. Spokane County*, 146 Wn.2d 699, 706 n.14, 50 P.3d 602 (2002). No formal summary judgment request is part of our record and some matters argued in the December hearing clearly do not fall within the spectrum of a summary judgment.

Nevertheless, we review a summary judgment de novo. *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). We will affirm an order granting summary judgment if, viewing the evidence in the light most favorable to the nonmoving party, we find no issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Ranger*, 164 Wn.2d at 552. A court may grant summary judgment only if reasonable persons could reach but one conclusion from all

the evidence. *Vallandigham v. Clover Park Sch. Dist. No. 400*, 154 Wn.2d 16, 26, 109 P.3d 805 (2005). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Atherton Condo. Apartment–Owners Ass'n Bd. of Dir. v. Blume Dev. Co.*, 115 Wn.2d 506, 516, 799 P.2d 250 (1990). If the moving party meets its burden, the nonmoving party cannot rely on the pleadings but must present evidence through affidavits, depositions, or otherwise to oppose the motion. CR 56(e).

Under TEDRA, the trial court has "full and ample power and authority . . . to administer and settle . . . [a]ll matters concerning the estates and assets of incapacitated, missing, and deceased persons, including matters involving nonprobate assets." RCW 11.96A.020(1)(a). At a TEDRA "initial hearing," the hearing must be "on the merits to resolve all issues of fact and all issues of law" unless "requested otherwise by a party." RCW 11.96A.100(8). Further, "[a]ny party may move the court . . . for summary judgment, in the original petition, answer, response, or reply, or in a separate motion, or at any other time." RCW 11.96A.100(9).

A court's authority to settle estate matters extends to will contests where a party invokes the TEDRA statute. *In re Estate of Kordon*, 157 Wn.2d 206, 211, 137 P.3d 16 (2006). We review de novo trial court rulings on will contests. *In re Estate of Black*, 153 Wn.2d 152, 161, 102 P.3d 796 (2004). We review procedural rulings for abuse of discretion and accord significant deference to trial court decisions in TEDRA proceedings. *See In re Estate of Fitzgerald*, 172 Wn. App. 437, 448, 294 P.3d 720 (2012), *review denied*, 177 Wn.2d 1014 (2013) ("even in the context of a summary

judgment proceeding, we will not disturb a trial court's decision to deny a continuance absent a showing of a manifest abuse of discretion"). *Id.*

A party asserting a will or codicil to a will is invalid has the burden of proving this invalidity by "clear, cogent, and convincing evidence." *In re Estate of Reiley*, 78 Wn.2d 623, 656, 479 P.2d 1 (1970). Ms. Assemany's petition asserted the codicil to Mr. Porter's will was produced via fraud, undue influence, or overreaching. She, however, admitted she had no personal knowledge that would suggest this was true. It was not the Estate's burden to prove the codicil was valid. A codicil is presumed valid once it is admitted to probate. *In re Estate of Lint*, 135 Wn.2d 518, 533-38, 957 P.2d 755 (1998).

The uninterested-witness affidavits to the execution of the codicil show Mr. Porter clearly understood the nature of his property and clearly intended to change his will. No family members were present during the testamentary act to exert undue influence. Ms. Assemany fails to meet her burden of showing the codicil was invalid by clear, cogent, and convincing evidence.

Next, Ms. Assemany argues she lacked notice of the Estate's contention that her TEDRA claims were factually unsupported. TEDRA permits the trial court to resolve all issues of fact and law at an initial hearing on the merits unless one or both of the parties requests otherwise. RCW 11.96A.100(8). Here, both parties requested resolution of the issues in an initial hearing. While Ms. Assemany cites TEDRA cases where multiple hearings occurred, the legislature granted power to the courts to resolve cases on the merits at an initial hearing. The Estate's answer properly notified Ms. Assemany on

7

September 5, 2012, it was asserting the affirmative defense her petition "failed to state a claim against [the Estate] upon which relief can be granted." CP at 67.

Ms. Assemany argues the Estate's evidence violates the deadman's statute. The deadman's statute, RCW 5.60.030, applies when a legal representative of a deceased person is an adverse party in a lawsuit and prohibits an interested party to testify about his or her involvement in any transactions with the deceased or any statements the deceased made to him or her. A person is a party in interest when he or she stands to gain or lose in the action in question. *In re Estate of Shaughnessy*, 97 Wn.2d 652, 656, 648 P.2d 427 (1982). "Testimony by third parties is not excluded under the statute; only 'part[ies] in interest' are precluded." *Erickson v. Robert F. Kerr, M.D., P.S., Inc.*, 125 Wn.2d 183, 189, 883 P.2d 313 (1994) (citations omitted).

The Estate concedes some evidence submitted to the trial court may not have been admissible under the deadman's statute. But, the trial court specifically stated that it did not consider this evidence. The evidence the court relied on, Ms. Assemany's admissions and the affidavits of the witnesses to the codicil, was clearly admissible.

Ms. Assemany unpersuasively argues she had a right to conduct further discovery before the court ruled on the Estate's dismissal motion. Ms. Assemany's petition invoked TEDRA. TEDRA's procedural rules replace the normal civil rules. *See* RCW 11.96A.090(1) ("The provisions of this title governing such actions control over any inconsistent provision of the civil rules."). RCW 11.96A.100(9) authorizes the trial court to allow discovery. Thus, TEDRA permits, but does not require, discovery. *Estate*

8

*of Fitzgerald*, 172 Wn. App. at 447. Here, the uncontroverted codicil-witness affidavits and Ms. Assemany's own admissions conclusively show no fraud, undue influence, or overreaching in the execution of the codicil. The parties had engaged in discovery. No discovery request was pending in December 2012. Ms. Assemany does not explain what additional discovery could counter the affidavits from the uninterested witnesses.

## C. Personal Property Inventory

The issue is whether the court erred in allowing the personal representative to inventory certain personal property. Ms. Assemany contends these items were rightly bequeathed to her, and, thus an inventory would be inappropriate.

The typical personal representative has numerous fiduciary duties. For example, a personal representative "shall make and verify by affidavit a true inventory and appraisement of all of the property of the estate." RCW 11.44.015. Here, the court ruled "[t]he personal representative is authorized to inventory the personal property in the possession of Salma Assemany to determine the items bequeathed to Salma Assemany and those items bequeathed to the other heirs." CP at 266. Based on the clear language of RCW 11.44.015, we conclude the trial court did not err.

## D. Consolidation

The issue is whether the trial court erred in consolidating the TEDRA and probate matters. Ms. Assemany contends consolidation did not serve the best interests of the parties and was untimely.

We review the granting of a motion to consolidate for an abuse of discretion. *Wash. Citizen Action v. Office of Ins. Comm'r*, 94 Wn. App. 64, 72, 971 P.2d 527 (1999). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

A petition to nullify a codicil may be commenced "as a new action or as an action incidental to an existing judicial proceeding." RCW 11.96A.090(2). Probate and TEDRA petitions are intimately related, and are, like here, routinely consolidated. *See, e.g., In re Estate of Wegner v. Tesche*, 157 Wn. App. 554, 559, 237 P.3d 387 (2010). The probate and TEDRA petitions similarly involve a will contest and a dispute over Estate property between the same parties. Ms. Assemany argues the Estate's request to consolidate was untimely, but cites no legal authority to support her contention other than CR 6(a), which is a general rule regarding the computation of "any period of time." Without more, her claim is unpersuasive. Accordingly, we conclude the trial court had tenable grounds to consolidate the matters and did not abuse its discretion.

## E. Attorney Fees

Both parties request attorney fees. Under TEDRA, courts have broad discretion to award attorney fees and costs in any proceeding governed by Title 11 RCW. *See Wash. Builders Benefit Trust v. Bldg. Indus. Ass'n*, 173 Wn. App. 34, 84, 293 P.3d 1206, *review denied*, 177 Wn.2d 1018 (2013) ("RCW 11.96A.150 provides both the trial court and this court with broad discretion to award attorney fees in a trust dispute.").

No. 31492-8-III
*In re Estate of Porter*

Fees may be awarded to any party "in such amount and in such manner as the court determines to be equitable." RCW 11.96A.150(1)(c). We may "consider any relevant factor." *In re Guardianship of Lamb*, 173 Wn.2d 173, 198, 265 P.3d 876 (2011). The record does not show an award of attorney fees below. Because both parties raise debatable issues here, we deny attorney fees for this appeal. The Estate, however, as the prevailing party, is entitled to its costs under RAP 14.2, subject to compliance with RAP 14.4.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Brown, J.

WE CONCUR:

Siddoway, C.J.

Fearing, J.

11